(No. 4343- )

TED E. DAVIES, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 9, 1951.*

FRANK B. DEYO, Attorney for Claimant.

IVAN A. ELLIOTT, Attorney General; C. ARTHUR NEBEL AND WILLIAM H. SUMPTER, Assistant Attorneys General, for Respondent.

LANSDEN, J.

The facts in this case have been stipulated, and such stipulation is hereby approved.

Claimant, Ted E. Davies, was employed by respondent from September, 1946, until October 26, 1948, in the Division of Waterways of the Department of Public Works and Buildings. Claimant actually worked only through October 20, 1948, the remainder of his period of employment being used in annual leave.

During his period of employment claimant was paid a regular salary, and, in addition, while assigned to duty away from his official headquarters, he was entitled to reimbursement for actual expenses incurred, subject to a maximum limitation, and to the rules and regulations of the Department of Finance.

For the twenty-day period in October, 1948 that claimant actually worked, he was assigned to duty away from his official headquarters, working with a surveying party in the vicinity of LaGrange, Illinois.

Before the end of October, 1948, and while using up his annual leave, claimant submitted an expense account for $110.00 covering the entire month. He was promptly informed that such amount could not be paid since he

had actually worked only through October 20, 1948, and he was requested to revise his expense account downward to reflect this fact.

After considerable exchange of correspondence, claimant, who was none too prompt in acceding to requests therein, finally submitted a revised expense account, which was received by the Division of Waterways on December 1, 1949. He was then informed that the appropriation to pay such expenses had lapsed, and, therefore, payment could not be made.

From the stipulation, it is apparent that the Division of Waterways insisted that claimant's expense account of $110.00 for the entire month of October, 1948 be reduced proportionally to reflect the fact that he actually worked only twenty of the thirty-one days in the month of October, 1948. Claimant finally did this in substance, and he is, therefore, entitled to an award of twenty thirty-firsts of $110.00 or the sum of $70.97.

An award is entered in favor of claimant, Ted E. Davies, for $70.97.